UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GARY LaBARBERA, LAWRENCE KUDLA,
THOMAS GESUALDI, PAUL GATTUS,
THEODORE KING, CHESTER BROMAN,
FRANK FINKEL, and JOSEPH FERRARA,
as Trustees and Fiduciaries of the Local 282
Welfare, Pension, Annuity, Job Training,
and Vacation and Sick Leave Trust Funds,

       Plaintiffs,       **MEMORANDUM & ORDER**

  - against -        04-CV–2694 (DRH) (MLO)

DURSO TRANSPORTATION CORP., and
NATURAL STONE INDUSTRIES, INC.,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**APPEARANCES :**

**FRIEDMAN & WOLF**
Attorney for Plaintiffs
1500 Broadway, Suite 2300
New York, NY 10036
By: Amie Ravitz, Esq.

**ALTSCHUL & ALTSCHUL**
Attorney for Defendant Natural Stone Industries
18 East 12th Street
New York, NY 10003
By: Mark M. Altschul, Esq.

**HURLEY, District Judge:**

  Plaintiffs, Trustees of the Local 282 Welfare, Pension, Annuity, and Job Training Trust Funds (the "Funds"), brought the present action against Defendants Durso Transportation Corporation and Natural Stone Industries, Inc., for violations of the Employee Retirement Income

-1-

Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145. Plaintiffs now move for summary judgment as against Defendant Natural Stone Industries ("Defendant"), seeking an injunction requiring Defendant to post a bond, and an award of attorneys' fees and costs pursuant to § 1132(g)(1). Finding that there are issues of material fact yet undecided, the Court DENIES Plaintiffs' motion.

*BACKGROUND*

The Trustees are fiduciaries of the Funds as defined by ERISA, 29 U.S.C. § 1002(21)(A). The Funds were established pursuant to the terms of various collective bargaining agreements between Local 282 and various employers who are required to post a surety bond, or an equivalent acceptable to the Trustees. The Funds are maintained for the purpose of collecting and receiving contributions and providing retirement, health, and welfare benefits to eligible participants pursuant to and in accordance with an Agreement and Declaration of Trust ("Trust Agreement").

Defendant is a New York corporation that is a signatory to the Building Materials Supplies Agreement (the "Agreement") with Local 282, with a stated effectiveness period of July 1, 2002 to June 30, 2005. (*See* Decl. of Amie Ravitz, dated May 23, 2005 ("Ravitz Decl."), Ex. C § 38.) Signatory employers are contractually obligated to obtain and maintain a surety bond or, where acceptable to the Trustees, a personal guaranty, letter of credit or cash deposit. (*See id.* § 16.) It is undisputed that Defendant has not posted a surety bond or equivalent acceptable to the Trustees.

*DISCUSSION*

Summary judgment is generally appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law." *Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994) (quoting Fed. R. Civ. P. 56(c)). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and identifying those materials "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Plaintiffs move for summary judgment on the grounds that Defendant has not posted a surety bond or equivalent, in direct contravention of the terms of the Agreement. (*See* Pls.' Mem. at 4.) In its Answer, Defendant alleged that it was not bound by the surety bond provision of the Agreement "by virtue of not employing any union employees." (*See* Answer ¶ 2.) In its opposition to the instant motion, however, Defendant does not dispute Plaintiff's proffer that Defendant reported employment hours to Local 282 for Ricardo Mendoza from September 2003 to March 2004, and for Danny David for July 2004. (*See* Ravitz Decl., Ex. F.) Apparently, then, Defendant is abandoning its claim that it did not employ union employees. Rather, on summary judgment, Defendant now argues that it was relieved of its obligations under the Trust Agreement by virtue of the fact that it was "inactive" as of September 14, 2004.

Defendant did not submit a memorandum of law in opposition to Plaintiff's motion. Instead, Defendant simply submitted a pair of declarations, both asserting that it was as "inactive" under the Trust Agreement as of September 14, 2004. (*See* Decl. of Mark M. Altschul, dated June 21, 2005 ("Altschul Decl."), ¶ 4.) Plaintiff did not reply to Defendant's declarations in opposition.

Attached to Defendant's declarations as Exhibit A is a letter on "Building Material Teamsters Local 282" letterhead, dated September 13, 2004. Wendell Shepherd, Business Agent for Local 282, wrote to Shimon Cohen, President of Defendant:

> After you sign the Building Contractors Agreement, the Union and the Local 282 Trust Funds will inactivate your Building Material Suppliers agreement. It is also noted that you owe the Trust Funds nothing. The Building Material Suppliers agreement will be inactive effective September 14, 2004.

(Altschul Decl., Ex. A.) Defendant asserts that the letter unambiguously demonstrates that Defendant was inactivated as of September 14, 2004.

In further support of its position, Defendant submits Exhibit B, a computer printout of Defendant's file at Local 282. Written on the printout is a note from Mr. Shepherd to someone named "Terresa," instructing her to deactivate Defendant's account as of September 14, 2004. (*See* Altschul Decl., Ex. B.) Defendant avers that taken together these two documents demonstrate that Defendant was inactive under the Agreement as of September 14, 2004.

The Court finds that, although probative, these documents are not dispositive on the issues of whether Defendant was in fact inactivated as of September 14, 2004, and how such deactivation would affect Defendant's obligations to Plaintiffs under the Trust Agreement. In this regard, the significance of Defendant's inactivation was not addressed by either party. Based upon the present record, it is unclear what "inactivate" means in this context. Moreover, under the Trust Agreement, it is the Trustees of Local 282 who enforce the Trust Agreement's terms. Thus, whether Mr. Shepherd, a business agent for Local 282, has the authority to declare Defendant's duties under the Trust Agreement fulfilled is an open question.

*CONCLUSION*

In sum, based upon the evidence currently before the Court, it is a matter of dispute whether Defendant was "contractually obligated to obtain and maintain a surety bond or, where acceptable to the Trustees, a personal guaranty, letter of credit or cash deposit" from July 1, 2002

to June 30, 2005, particularly with regard to the period after September 14, 2004.  Because there remain issues of material fact, Plaintiffs' motion for summary judgment is DENIED.

**SO ORDERED.**

Dated: Central Islip, N.Y.  /s/
February 1, 2006  Denis R. Hurley
United States District Judge